IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | : |
| | : CIVIL ACTION NO. **3:CV-13-1291** |
| Plaintiff | : Magistrate Judge Blewitt |
| v. | : |
| A.M. SKIER AGENCY, INC., et al., | : |
| Defendants | : |

FILED
SCRANTON
MAY 1 3 2014
PER
\_\_\_ mS
DEPUTY CLERK

**MEMORANDUM AND ORDER**

**I.   Background.**

On May 9, 2013, Plaintiff, United Financial Casualty Company ("United"), filed a Complaint against original Defendants, A.M. Skier Agency, Inc. (referred to herein as "AM Skier"), AMSkier Partners, Inc., and Kimberly Latsch, an employee of AM Skier. (Doc. 1). This case arises out of an insurance Producer Agreement (the "Agreement") between Plaintiff and A.M. Skier Agency, Inc. Pursuant to the Agreement, Defendant AM Skier was authorized to provide insurance products for Plaintiff. The Agreement was attached to Plaintiff's Complaint as Exhibit 1. (Doc. 1-1).

This Court's jurisdiction over this case is based on diversity.[1] See 28 U.S.C. §1332.

Plaintiff's Complaint centers around "a breach of the Agreement in relation to a loss paid under a policy underwritten by Defendants that is alleged to not be in conformance with the

---

[1] As we previously noted, Pennsylvania law applies to Plaintiff's claims as against Defendants and to AM Skier's Counterclaim against Plaintiff. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Schlegel v. Wilson-Cook Medical, Inc., 2007 WL 465528, * 3 n. 3 (M.D. Pa.).

underwriting guidelines of the Agreement." (Doc. 24, p. 1, ¶ 2). Plaintiff alleges that under the Agreement, Defendant AM Skier was not authorized to submit to Plaintiff any insurance application "for any class of risk not specified in the Underwriting Requirements." Further, Plaintiff avers that the "Underwriting Requirements, which Defendant[] possessed, delineated 'unacceptable risks for hired auto-coverage and employer's non-owned liability coverage under a commercial auto policy,' including 'restaurant/pizza/fast-food delivery.'"

Plaintiff also alleges that Defendant Latsch improperly, and without its knowledge, annually provided a commercial insurance policy from May 25, 2007, through May 25, 2011, to Settlers Inn, Ltd. ("Settlers Inn"), and that Settlers Inn was within the prohibited category of "restaurant/pizza/fast-food delivery" business pursuant to the Underwriting Requirements. Plaintiff avers that Defendant Latsch incorrectly represented to Settlers Inn that its policy had hired auto-coverage and employer's non-owned liability coverage. Plaintiff then avers that on May 11, 2011, Colleen Stevens, an employee of Settlers Inn, during her scope employment, was involved in a motor vehicle accident with Joseph Hussey in Wayne County, PA. Since Defendants represented to Plaintiff that the policies they issued to Settlers Inn had hired auto-coverage and employer's non-owned liability coverage, Plaintiff settled Hussey's claims against Settlers Inn and Stevens for $122,500.00. Plaintiff also states that it incurred attorney's fees and costs in the amount of $21,128.00 related to Hussey's claim.

Additionally, Plaintiff alleges that the Agreement it had with AM Skier had an Indemnification Clause in Article X(B), which provided that AM Skier would indemnify, defend, and hold Plaintiff harmless for all losses that Plaintiff sustained due to AM Skier's negligence, wrongful acts, errors or

omissions, or due to AM Skier's failure to comply with the provisions of the Agreement or the Underwriting Requirements. Pursuant to this Indemnification Clause, Plaintiff tendered a demand for indemnity related to Hussey's claim and Defendants refused to pay Plaintiff.  (See ¶'s 10-33 of the Complaint, Doc. 1).[2]

On June 25, 2013, Defendants jointly filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 9). On March 5, 2014, the Court granted, in part, and denied, in part, Defendants' Motion. (Docs. 17 & 18). Specifically, the Court denied Defendants' Motion to Dismiss Count II of Plaintiff's Complaint (Plaintiff's Equitable Subrogation claim), and the Court granted Defendants' Motion with respect to Count III (Plaintiff's Fraud claim) on the basis of the "gist of the action" doctrine and dismissed this claim with prejudice.  Thus, Plaintiff is now proceeding on its Count I (Breach of Contract claim), and Count II (Equitable Subrogation claim).

On March 18, 2014, Defendants filed their Answer to the remaining Counts of Plaintiff's Complaint with Affirmative Defenses, and Defendant/Counterclaim Plaintiff AM Skier filed a Counterclaim against Plaintiff/Counterclaim Defendant United. (Doc. 21 & Doc. 21, ¶'s 51-56, respectively).[3]  Basically, AM Skier asserted a Counterclaim for contractual indemnification against Plaintiff United under Article X(A) of the Agreement.

---

[2]Since the Court detailed the factual allegations of Plaintiff's Complaint against Defendants in its April 24, 2014 Memorandum, we do not repeat these allegations herein. (Doc. 31).

[3]We again refer to Defendant/Counterclaim Plaintiff A.M. Skier Agency, Inc., as "Defendant AM Skier" and Plaintiff/Counterclaim Defendant United as "Plaintiff United."

On March 31, 2014, Plaintiff filed a Motion to Dismiss the Counterclaim of Defendant AM Skier under Fed.R.Civ.P. 12(b)(6). (Doc. 24). Plaintiff United's Motion to Dismiss the Counterclaim of Defendant AM Skier was ripe for review.

On April 24, 2014, the Court issued a Memorandum and Order and granted Plaintiff United's Motion to Dismiss Defendant AM Skier's Counterclaim.[4] (Docs. 31 & 32). The Court also found it would be futile and prejudicial to Plaintiff United to grant Defendant AM Skier leave to amend its Counterclaim. Thus, the Court dismissed Defendant AM Skier's Counterclaim against Plaintiff United with prejudice. See *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir.2008(("If a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.")(citation omitted).

On April 28, 2014, Defendant AM Skier filed a Motion for Reconsideration of the Court's Doc. 32 Order only insofar as the Court dismissed its Counterclaim with prejudice. **(Doc. 34).** Defendant AM Skier seeks the Court to allow it to amend its Counterclaim against Plaintiff United. Defendant AM Skier states that it will request as damages from Plaintiff the expenses and attorney's fees it incurs as a result of the claims brought by the third parties, namely, the Hussey claim, and not based only on the claims between it and Plaintiff under the Agreement. Plaintiff United filed its Response to Defendant AM Skier's Motion for Reconsideration on May 5, 2014, and correctly pointed out that Defendant AM Skier failed to submit its proposed Amended Counterclaim. (Doc. 35). Defendant AM Skier filed its reply brief in support of its Motion for Reconsideration on May

---

[4]The parties consented to proceed before the undersigned Magistrate Judge for all matters, including trial, pursuant to 28 U.S.C. §636(c). (Doc. 30).

12, 2014, with an attached Exhibit, namely, its proposed Amended Counterclaim against Plaintiff United.[5] (Docs. 40 & 40-1).

## II. Discussion.

The Court stated in *DiFrancesco v. Aramark Corp.*, 2006 WL 1118096 * 1 (E.D. Pa. 2006):

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In *Kennedy Industries, Inc. v. Aparo*, 2006 WL 1892685, *1 (E.D. Pa. 2006), the Court stated:

> "Our Court of Appeals has held that the purpose of a motion for reconsideration under Rule 59(e) is 'to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 909 (3d Cir. 1985)."

The Court in *Kennedy Industries* also stated:

> Because of the courts' interest in the finality of judgments, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."

---

[5]Also, on May 12, 2014, the Court conducted a Case Management Conference and issued a Scheduling Order. (Docs. 38 & 39).

> *Ciena, Corp. v. Corvis, Corp.*, 352 F.Supp.2d 526, 527 (D. Del. 2005).
> A motion for reconsidering may not be used to give a litigant a "second bite of the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1329, 1240 (D. Del. 1990) (quoted in *Bhatnagar*, 52 F.3d at 1231). Therefore, it is "improper . . . to ask the Court to rethink what [it] had already thought through -- rightly or wrongly" *Glendon Energy Co. v. Bor. of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

*Id.*

In its proposed Amended Counterclaim against Plaintiff United, Doc. 40-1, Defendant AM Skier alleges that Plaintiff failed to advise it of the rejection of the 2009 commercial auto policy application which it submitted for Settler's Inn along with a bill for premium charges. Defendant AM Skier also alleges that Plaintiff United acted negligently, carelessly and wrongfully by failing to advise it of the rejection of the 2009 commercial auto policy application of Settler's Inn, and that under Article X(A) of the Indemnity Agreement, it is entitled to seek indemnification from Plaintiff United for failing to issue coverage for Settler's Inn after the application was submitted. Defendant AM Skier again alleges that it has sustained losses in the nature of costs and attorney's fees in defending against Plaintiff United's present action against it and, that under Article X(A) of the Agreement, it is entitled to recover these costs and fees.

Thus, based on Plaintiff United's alleged conduct, Defendant AM Skier states that it believed

that Settler's Inn had coverage for the <u>Hussey</u> claim and, that due to <u>Hussey's</u> third party claim, it has sustained expenses and has already incurred a loss through the payment of attorney's fees and costs in defending the present case filed against it by Plaintiff United.

Plaintiff United correctly contends that the Court has already considered Defendant's instant arguments. Thus, Plaintiff United states that since Defendant's Doc. 34 Motion for Reconsideration is essentially re-asserting the same arguments the Court previously considered, Defendant's Motion should be denied.

Article X(A) of the Agreement,[6] titled "Indemnification" contains the following Indemnification provision:

> Article X. Indemnification
> A. We will indemnify, defend, and hold you harmless for and from all liabilities, losses, damages, judgments, actions, and expenses, including reasonable attorneys' fees (collectively, "Losses"), that you sustain due to our negligence, any wrongful acts, errors or omissions on our part, or failure to comply with the provisions of this Agreement or our Underwriting Requirements. This Indemnification shall include, without limitation, any Losses that you sustain due to our use of consumer credit information if you have complied with our procedures for use or ordering of the same. You agree to immediately notify us when you learn of or receive any claim that you feel is covered under this Article. We shall have the right to participate, at our expense, in the investigation and defense of any such claim, and may, at our option, assume full defense of any action filed. If we assume the defense, we will not be liable to you for any cost of litigation, including, without limitation, court costs and attorneys' fees, that you incur subsequent to our decision to assume defense of any such action.

---

[6]Plaintiff United attached a copy of the Agreement to its Complaint. (Doc. 1-1).

The Court agrees with Plaintiff United and finds Defendant AM Skier's present Motion (Doc. 34) should be denied since the Court finds no error with its April 24, 2014 Order dismissing Defendant's original Counterclaim with prejudice. Thus, Defendant AM Skier will not be permitted to file its Amended Counterclaim against Plaintiff United.

As Plaintiff United pointed out in its Motion to Dismiss Defendant AM Skier's original Counterclaim, "[t]he clear language of [Article X(A)] of the Agreement is intended to provide A.M. Skier Agency, Inc. indemnity and to hold it harmless from claims of third parties to the Agreement who claim losses against A.M. Skier Agency, Inc. as a result of negligence [or] other wrong doing by Plaintiff, not a claim for breach of contract or equitable subrogation as brought by Plaintiff in this matter." (Doc. 24, p. 4, ¶ 11). There is no claim of a third party to the Agreement, such as Settler's Inn, who has claimed a loss against Defendant AM Skier as a result of negligence or wrong doing by Plaintiff United.

At bottom, as Plaintiff United maintains, Defendant AM Skier in both its original Counterclaim as well as in its proposed Amended Counterclaim, is seeking to recover under Article X(A) of the Agreement the losses it incurs, including expenses and attorney's fees, as a result of the filing of the instant law suit by Plaintiff. In the Doc. 31 Memorandum, the Court agreed entirely with Plaintiff United that the Indemnification language of the Agreement, namely, Article X(A), upon which Defendant AM Skier relied with respect to its original Counterclaim, simply does not require Plaintiff United to indemnify Defendant AM Skier for damages it has or will sustain as a result of the instant law suit filed by Plaintiff United. As Plaintiff United states in its Response to Defendant AM Skier's instant Motion, "[t]he argument that Counterclaims 'Costs, expenses, and legal fees are

directly as a result of a third party claim' is simply another attempt to obtain recovery of AM Skier's costs for this very litigation, a position which has already been rejected by this Court." (Doc. 35, p. 3).

## III. Conclusion.

Thus, the Court will deny Defendant AM Skier's **Doc. 34** Motion for Reconsideration of the Court's Doc. 32 Order, and Defendant AM Skier will not be permitted to file an Amended Counterclaim against Plaintiff United.[7]

An appropriate Order will be issued.

_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 13, 2014

---

[7] Based on the above, the Court does not find it necessary to conduct oral argument regarding Defendant AM Skier's Doc. 34 Motion for Reconsideration as Plaintiff United requested.

9